UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JEREMY COOPER | CIVIL ACTION |
| VERSUS | NO. 21-1135 |
| TERRY LEE SCHWALL, ET AL. | SECTION A (2) |

### ORDER AND REASONS

Before the Court is a **Motion to Remand (Rec. Doc. 5)** filed by Plaintiff Jeremy Cooper. Defendant Hudson Specialty Insurance Company opposes the motion (Rec. Doc. 7). This motion is before the Court on the briefs without oral argument. Having considered the motion and memoranda of counsel, the record, and the applicable law, the Court finds that Plaintiff's **Motion to Remand (Rec. Doc. 5)** is **GRANTED** for the reasons set forth below.

I.  **Background**

On April 5, 2019, Plaintiff allegedly suffered injuries in a motor vehicle accident with Defendant Terry Lee Schwall. (Rec. Doc. 5-1, p. 1). Ms. Schwall's primary insurance carrier is Progressive Security Insurance Company ("Progressive"). *Id.* Ms. Schwall also has excess coverage provided by Defendant Hudson Specialty Insurance Company ("Hudson"). *Id.* On April 7, 2020, Plaintiff filed suit in the Civil District Court for the Parish of Orleans, State of Louisiana, against Ms. Schwall and Progressive. *Id.* Plaintiff subsequently named Hudson as a defendant by way of his Second Amended Petition for Damages on December 17, 2020. *Id.* Plaintiff settled with Progressive for the policy limits and dismissed Progressive and Schwall from the lawsuit with prejudice. *Id.* Hudson

removed the matter to this Court on June 10, 2021. *Id.* Plaintiff now requests this Court to remand the case back to state court, arguing that removal was improper because complete diversity is lacking. *Id.* Defendant challenges this argument in its opposition brief. (Rec. Doc. 7). Plaintiff also seeks an award of attorney's fees under 28 U.S.C. § 1447(c). (Rec. Doc. 5).

## II.     Legal Standard

The removing defendant bears the burden of demonstrating that federal jurisdiction exists by a preponderance of the evidence and therefore that removal was proper. *Howery v. Allstate Ins., Co.,* 243 F.3d 912, 919 (5th Cir. 2001). In assessing whether removal is appropriate, the court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, and that removal statutes should be strictly construed. *See Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). Doubts regarding whether federal jurisdiction is proper should be resolved against federal jurisdiction. *Acuna v. Brown & Root*, 200 F.3d 335, 339 (5th Cir. 2000).

Pursuant to 28 U.S.C. § 1332, a district court has subject-matter jurisdiction over an action "where the matter in controversy exceeds the sum or value of $75,000" and the action "is between citizens of different states." Complete diversity of the parties, as prescribed by § 1332, requires that "all persons on one side of the controversy be citizens of different states than all persons on the other side." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008) (internal quotation marks omitted). As the Fifth Circuit has recognized, for the purposes of diversity jurisdiction, citizenship of a natural person

is determined by an individual's domicile. *Preston v. Tenent Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 793, 797 (5th Cir. 2007).

## III. Discussion

Plaintiff contends that this Court lacks subject matter jurisdiction over the instant case because Plaintiff and Hudson are both citizens of Louisiana. (Rec. Doc. 5-1, p. 2). Plaintiff concedes that generally under 28 U.S.C. § 1332, a corporation is a citizen of every state in which it is incorporated and the state in which it has its principal place of business. *Id.* However, Plaintiff argues that there is an exception to this general rule set forth in § 1332(c)(1), under which an insurance company defendant is to be treated as a citizen of every state of which its insured is a citizen. *Id.* Therefore, because Ms. Schwall is the insured and a Louisiana citizen, Plaintiff asserts that Hudson should also be deemed a citizen of Louisiana for diversity purposes. *Id.* Plaintiff also asserts that the removal to this Court is untimely, because Hudson removed this case after 28 U.S.C. § 1446(c)(1)'s one-year window for removal based on diversity jurisdiction had passed. *Id.*

Hudson argues that this lawsuit is not a direct action pursuant to § 1332(c)(1), because it was not a lawsuit against only Hudson at the time Plaintiff added Hudson as a defendant. (Rec. Doc. 7, p. 4). Thus, Hudson contends that its New York citizenship did not change when Plaintiff dismissed Ms. Schwall with prejudice. *Id.* Hudson also asserts that Plaintiff's counsel engaged in bad faith to prevent Hudson from removing this case by intentionally waiting to file the motion to dismiss the non-diverse insured, Ms. Schwall, until after 28 U.S.C. § 1446(c)(1)'s one-year outer limit expired. *Id.* at 10.

For the purpose of determining the citizenship of a defendant insurer corporation, 28 U.S.C. § 1332(c)(1) governs and provides specifically:

> [A] corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business, except that in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the State of which the insured is a citizen, as well as of any State by which the insurer has been incorporated and of the State where it has its principal place of business ...

Section 1332(c)(1) was added in 1964. "This amendment was passed to remedy the congestion in the district courts arguably caused by Louisiana's and Wisconsin's Direct Action Statutes, which allow suits directly against an insurer without joining the insured as a party defendant." *O.M. Greene Livestock Co. v. Azalea Meats, Inc.*, 516 F.2d 509, 510 (5th Cir.1975); *Lau v. Beaird Co., Ltd.*, 2008 WL 4960226, at *2 (M.D. La. Nov. 20, 2008). Section 1332(c)(1) does not require that the action originate as a direct action against the insurer, or that the direct action be brought pursuant to a state statute. *Id.* Rather, § 1332(c)(1) only requires that the insured not be joined in the action as a defendant. It has been given a broad interpretation in light of the harm Congress sought to remedy. *Id.*

The Court finds that Hudson has failed to establish that diversity jurisdiction exists in this case. Defendants Schwall and Progressive were voluntarily dismissed from this suit pursuant to a settlement agreement. It is undisputed that Hudson is not incorporated in Louisiana, nor does it have its principal place of business in Louisiana. However, the language of § 1332(c)(1) states that if there is a direct action brought against an insurer "to which action, the insured is not joined as a party-defendant", the insurer takes on the citizenship of the insured. When this action was removed, the insured was not joined as a party-defendant to the suit. Thus, § 1332(c)(1) requires that Hudson be deemed a

citizen of the state of its insured, Ms. Schwall, i.e. a Louisiana citizen, at the time of removal.

In *Lau v. Beaird Co., Ltd.*, 2008 WL 4960226, at *2 (M.D. La. Nov. 20, 2008), Plaintiff settled with the non-diverse insured Louisiana defendants. The defendant insurer removed the case to federal court, arguing that the citizenship of the settling defendants should not be considered as they were no longer parties to the lawsuit. Plaintiff moved to remand, asserting that, due to the settlement agreement, the suit against the defendant insurer becomes a direct action, and pursuant to § 1332(c)(1) the insurer should be deemed a citizen of the state of its insured. The district court agreed with Plaintiff and remanded the case to state court.

Similarly, in *Wallington v. Essex Ins. Co.*, 1998 WL 273118, *2 (E.D. La. May 26, 1998), the Louisiana plaintiffs voluntarily dismissed the non-diverse insured Louisiana defendants, leaving diverse defendants Chevron U.S.A. and Essex Insurance Company. Essex insured the non-diverse defendants. After the plaintiffs dismissed the non-diverse defendants insured by Essex, Chevron removed the case. Plaintiffs moved to remand, arguing that pursuant to § 1332(c) Essex must be deemed a Louisiana citizen at the time of removal. Relying on the 5th Circuit's decision in *O.M. Greene Livestock Co. v. Azalea Meats, Inc.*, the district court agreed.

Because Hudson has failed to establish complete diversity between the parties, there is no need to address the Plaintiff's arguments based on the timeliness of Hudson's removal.

Next, the Court will address Plaintiff's request for attorney's fees. There is no automatic entitlement to an award of attorney's fees under 28 U.S.C. § 1447(c). The clear

language of the statute, which provides that the "order remanding the case may require payment of just costs and any actual expenses including attorney's fees, incurred as a result of the removal," makes such an award discretionary. The Supreme Court set forth the standard for awarding fees under § 1447(c) in *Martin v. Franklin Capital Corporation*, 546 U.S. 132, 126 S.Ct. 704 (2005):

> [T]he standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied. *See Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 541 (5th Cir.2004); *Valdes v. Wal–Mart Stores, Inc.*, 199 F.3d 290, 293 (5th Cir.2000). In applying this rule, district courts retain discretion to consider whether unusual circumstances warrant a departure from the rule in a given case. For instance, a plaintiff's delay in seeking remand or failure to disclose facts necessary to determine jurisdiction may affect the decision to award attorney's fees. When a court exercises its discretion in this manner, however, its reasons for departing from the general rule should be "faithful to the purposes" of awarding fees under § 1447(c).

*Id.*, at 711.

Further, the Court must consider the propriety of the removing party's actions at the time of removal, based on an objective view of the legal and factual elements in each particular case, irrespective of the fact that it was ultimately determined that removal was improper. *Id.*; *Miranti v. Lee*, 3 F.3d 925, 928 (5th Cir.1993); *Avitts v. Amoco Production Co.*, 111 F.3d 30, 32 (5th Cir.), *cert. denied*, 522 U.S. 977, 118 S.Ct. 435 (1997).

Considering this case's procedural history, especially the Plaintiff's settlement with the non-diverse Defendants after adding Hudson as a Defendant so late in the action, it was not objectively unreasonable for Hudson to believe that removal of this action was appropriate.

### IV.     Conclusion

Accordingly;

**IT IS ORDERED** that Plaintiff's **Motion to Remand (Rec. Doc. 7)** is **GRANTED**. This matter shall be **REMANDED** to the Civil District Court for the Parish of Orleans, State of Louisiana, due to lack of subject-matter jurisdiction. Further, Plaintiff's request for an award of attorney's fees under 28 U.S.C. § 1447(c) is hereby **DENIED**.

New Orleans, Louisiana, this 27th day of August 2021.

_____
JUDGE JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE